UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE WORMWOOD, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NORTH LAS VEGAS POLICE ) <br> DEPARTMENT, *et al.*, ) <br> ) <br> Defendants. ) | Case No.: 2:15-cv-01438-GMN-GWF <br><br> **ORDER** |

Pending before the Court is a Motion to Dismiss (ECF No. 13), filed by defendants North Las Vegas Police Department ("NLVPD"), City of North Las Vegas (the "City"), and Former Chief of Police Joseph Chronister ("Chronister"). The following defendants also filed joinders to the instant Motion to Dismiss: James R. Sweetin (ECF No. 18), Dave Molnar (ECF No. 31), and Carrie Meads (ECF No. 37) (collectively "Defendants"). The instant Motion to Dismiss and the subsequent joinders have all been fully briefed. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

I.      **BACKGROUND**

Taking Plaintiff's allegations as true, the relevant facts are as follows. In 2011, the State of Nevada Office of the Attorney General ("Attorney General's office") was investigating Plaintiff and his business for Medicare fraud. (Compl. ¶ 21, ECF No. 3). At that time, the Attorney General's office was also investigating Joseph Lewellyn ("Lewellyn") for similar conduct. (*Id.* ¶ 16). In July 2012, Lewellyn reported to Defendant Carrie Meads ("Meads") of the Medicaid Fraud Control Unit that while Lewellyn was a minor, he and Plaintiff had engaged in sexual intercourse. (*Id.* ¶¶ 42, 49). Lewellyn also reported those allegations to Defendant Dave Molnar ("Molnar"), Detective for NLVPD, on July 20, 2012. (*Id.* ¶ 62). Upon relaying Lewellyn's allegations to Defendant James R. Sweetin ("Sweetin"), a Deputy District

Attorney for the District Attorney's Office of Clark County, Sweetin told Molnar that it was his opinion there was probable cause to arrest Plaintiff. (*Id.* ¶¶ 63–64).  On July 21, 2012, Molnar went to Plaintiff's house and placed him under arrest. (*Id.* ¶ 67).  Subsequently, on July 23, 2012, former Judge Stephen Dahl found that there was no probable cause to detain Plaintiff and ordered his immediate release without bail requirement. (*Id.* ¶ 113).  On October 25, 2012, the State of Nevada filed sexual assault charges against Plaintiff. (*Id.* ¶ 114).  However, those charges were later dropped on November 20, 2014. (*Id.* ¶ 131).  During the time Plaintiff's charges were pending, Plaintiff alleges that he consulted with two attorneys and was advised by each of them that he could not bring any claims against Defendants arising from Plaintiff's arrest until after the criminal proceedings against Plaintiff came to an end. (*Id.* ¶¶ 122–23).  Plaintiff alleges he relied on this advice. (*Id.*).

On July 28, 2015, Plaintiff brought the instant action in this Court, alleging eight causes of action: (1) violations of civil rights to life and security of person, 42 U.S.C. § 1983 and violation of Nevada state law (against all Defendants except the City); (2) violations of 42 U.S.C. § 1983 and Nevada state law – racial discrimination, gender discrimination, and discrimination based upon sexual orientation (against all Defendants); (3) violations of 42 U.S.C. § 1983 and Nevada state law – malicious prosecution in violation of the Fourth and Fourteenth Amendments (against all Defendants); (4) violations of 42 U.S.C. § 1983 – deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth and Fourteenth Amendments (against the City and Chronister); (5) intentional infliction of emotional distress (against all Defendants); (6) false arrest and false imprisonment (against all Defendants, except the City); (7) abuse of process (against all Defendants, except the City); and (8) conspiracy (against all Defendants, except the City). (*Id.* ¶¶ 149–227).

/ / /

/ / /

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff appears to base his claims on two separate, distinct acts—Plaintiff's July 2012 arrest and Plaintiff's subsequent criminal prosecution. (*See, e.g.*, Compl. ¶¶ 153, 168). Because

these acts are discrete, the Court will analyze the sufficiency of Plaintiff's claims in relation to each act.

### A. Claims Arising from Arrest

Defendants argue that Plaintiff's claims arising from his arrest are barred by the applicable statutes of limitations. (*See, e.g.*, Mot. Dismiss 7:22–18:3, ECF No. 13).

The applicable statute of limitations for § 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). In Nevada, the statute of limitations for filing a personal injury action is two years. N.R.S. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). However, federal law determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Furthermore, Nevada law provides a two-year statute of limitations for tort claims. *See* N.R.S. § 11.190(4). Nevada law also provides that a person "who has a tort claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." N.R.S. § 41.036(2).

Here, Plaintiff's first, second, third, and fourth claims are § 1983 claims and therefore accrued when Plaintiff knew, or should have known, of the injury on which the action is based. Taking Plaintiff's allegations as true, Plaintiff knew of should have known that his claims based on his arrest accrued on July 23, 2012, when he was released from custody after a finding by former Judge Stephen Dahl that there was no probable cause to detain Plaintiff. (Compl. ¶ 113,

ECF No. 3).  Since Plaintiff did not file his claims until July 28, 2015—more than three years after these claims accrued—Plaintiff's § 1983 claims are time-barred.

Because Plaintiff's fifth, sixth, seventh, and eight claims are state tort claims, they are similarly governed by a two-year statute of limitations.  As noted above, Plaintiff knew or should have known that claims stemming from his arrest accrued on July 23, 2012 and are time-barred.

Plaintiff's state tort claims are also barred by N.R.S. § 41.036(2) since Defendants are political subdivisions of the State. *See* N.R.S. § 41.0305.  Specifically, § 41.036(2) provides that a person who has a tort claim against a political subdivision must file notice of the claim to the subdivision's governing body within two years of the time the cause of action accrues.  *See Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-00003-RLH, 2011 WL 2690148, at *2 (D. Nev. July 11, 2011).  Plaintiff failed to file such a notice before the applicable deadline on July 23, 2014.

Accordingly, Plaintiff's claims stemming from his July 2012 arrest are time-barred because the statutory period expired over a year after Plaintiff filed his claims.  Nevertheless, Plaintiff argues that any statute of limitations barring his claims should be equitably tolled. (Response 4:20–12:25, ECF No. 25).  The Court disagrees.

In determining whether to equitably toll a statute of limitations for a lawsuit filed under § 1983, a court applies the tolling doctrines of the forum state. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).  In Nevada, "in situations where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005) (internal quotation marks omitted).  Though Nevada's equitable tolling doctrine was originally adopted in the context of antidiscrimination suits, it has since been extended to operate in other areas of

law. *Id.*; *U.S. Equal Emp't Opportunity Comm'n v. Caesars Entm't*, No. 02:05–cv–00427–LRH–PAL, 2006 WL 47632, at *3 (D. Nev. Apr. 25, 2006). Furthermore, the Nevada Supreme Court has provided several factors to consider in determining whether the equitable tolling doctrine should be applied. Such factors include: (1) "the diligence of the claimant"; (2) "the claimant's knowledge of the relevant facts;" (3) the "claimant's reliance on authoritative statements" by the defendant, that "misled the claimant about the nature of the claimant's rights"; (4) any deception or false assurances on the part of the defendant; (5) "the prejudice to the [defendant] that would actually result from delay during the time that the limitations period is tolled"; and (6) "any other equitable considerations appropriate in the particular case." *Seino*, 111 P.3d at 1112. A claimant bears the burden of showing that equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Considering the applicable factors, the Court finds that Plaintiff has not met this burden. Here, Plaintiff had knowledge of the relevant facts within two days after his arrest. Specifically, Plaintiff was informed that there was no probable cause for his detainment and was released accordingly. Despite Plaintiff having this information just two days after his arrest, Plaintiff nevertheless brought his claims over a year after the applicable statutes of limitations expired.

Additionally, although Plaintiff claims that he relied on "authoritative statements" in accordance with the fourth equitable tolling factor, the Court disagrees. According to Plaintiff's Complaint, Plaintiff relied on the advice of two private attorneys, both of which assured Plaintiff that he could not bring any claims against Defendants until after Plaintiff's criminal proceedings came to an end. However, factual allegations which satisfy the fourth factor must state that Plaintiff relied on authoritative statements made by Defendants. Here, Plaintiff's private attorneys are not defendants in this cause of action and consequently, their statements are not "authoritative" for the purpose of equitable tolling determinations.

Furthermore, Defendants would suffer prejudice if the applicable limitation statutes were tolled.  Since Plaintiff did not make any claim relating to his arrest during the statutory period, Defendants were not provided with notice that they needed to investigate facts or prepare a defense prior to the claim. (Reply 5:18–22, ECF No. 28).  Accordingly, the Court finds that equitable tolling is inapplicable to Plaintiff's arrest-based claims and grants the instant Motion to Dismiss as to Plaintiff's claims relating to his July 2012 arrest.

### B.  Claims Arising from Plaintiff's Prosecution

Plaintiff also brings claims stemming from his criminal prosecution.  Although Plaintiff's claims are alleged against all Defendants, Plaintiff provides very sparse allegations related to his prosecution.  Rather, Plaintiff merely alleges that, on October 25, 2012, the State of Nevada filed criminal charges and, on November 20, 2014, the State of Nevada's prosecutors dropped the charges against Plaintiff. (Compl. ¶¶ 114, 131).  All of Plaintiff's remaining allegations against the named defendants relate to Plaintiff's July 2012 arrest.  The sparse allegations related to Plaintiff's prosecution merely name the State of Nevada and the State of Nevada's prosecutors, which both do not appear in this case as defendants.  Accordingly, the Court grants the instant Motion to Dismiss as to Plaintiff's claims relating to his criminal prosecution.

### C.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*; *Foman*, 371 U.S. at 182.  Generally, the Court denies leave to amend only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto*, 957 F.2d at 658.  Further, "a district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

The Court finds that amendment would not be futile. Accordingly, the Complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint. Plaintiff shall file an amended complaint within fourteen days of the date of this Order if he can allege additional facts that cure the defects identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's Complaint with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED**. Accordingly, Plaintiff's Complaint (ECF No. 3) is **DISMISSED without prejudice**. Plaintiff shall have fourteen days from the date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the dismissal of Plaintiff's Complaint with prejudice.

**DATED** this __26__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge