1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4
Eddie Wormwood,

5
     Plaintiff

6
v.

7
North Las Vegas Police Department, et al.,

8
     Defendants

**2:15-cv-01438-JAD-GWF**

**Order Granting Motions to Dismiss
and Closing Case**

[ECF Nos. 50, 51, 52, 60]

9

10      Eddie Wormwood sues the City of North Las Vegas, the North Las Vegas Police Department,

11  its former chief, and a detective along with Clark County, the Clark County District Attorney's

12  Office, the Clark County District Attorney himself, three deputy district attorneys, and a State of

13  Nevada Attorney General's Office investigator for malicious prosecution, intentional infliction of

14  emotional distress, abuse of process, and conspiracy.[1]  Defendants separately move to dismiss

15  Wormwood's amended complaint.  Because Wormwood's claims are either asserted against

16  defendants who are immune from suit, time-barred, or fail as plead; and he has already been granted

17  the opportunity to amend them, I grant defendants' motions, dismiss Wormwood's claims with

18  prejudice, and close this case.[2]

19                                      **Background**

20  **A.      First dismissal motion**

21      Wormwood initially sued the City of North Las Vegas, the North Las Vegas Police

22  Department ("NLVPD"), former NLVPD Police Chief Chronister, NLVPD Detective Molnar, Clark

23  County Deputy District Attorney Sweetin, and Nevada State Attorney General's Office investigator

24  Carrie Meads asserting eight claims for relief, all stemming from his allegedly unlawful arrest in July

25

26

27  [1] ECF No. 48.

28  [2] I find these matters suitable for disposition without oral argument.  L.R. 78-1.

2012 and subsequent unlawful prosecution from October 2012–December 2014.[3]  Defendants moved to dismiss Wormwood's complaint,[4] and Chief Judge Gloria Navarro granted the motion.[5]  Chief Judge Navarro found that (1) Wormwood's false-arrest claim and all claims arising from his 2012 arrest were time-barred and that he was not entitled to equitable tolling[6] and (2) that the factual allegations supporting his remaining claims were too "sparse" to state a plausible claim.  Noting that leave to amend should be freely granted, Chief Judge Navarro dismissed Wormwood's complaint in its entirety without prejudice and with leave to amend.  After Wormwood filed his amended complaint, this case was reassigned to me for all further proceedings.

**B.     Wormwood's amended complaint**

       *1. Factual allegations*

Wormwood alleges that in 2011, the State of Nevada Office of the Attorney General was investigating him and his business partner, Marvie Hill, and their business, Unity, for medicaid fraud.[7]  During that time, the Attorney General's Office was also investigating Joseph Lewellyn and his business, Ocean Mental and Behavioral Health Services ("Ocean") for medicaid fraud.[8]  Hill was Lewellyn's foster-care father six years earlier,[9] and Hill had employed Lewellyn to do work for Unity.[10]

---

[3] *See* ECF No. 3.

[4] ECF No. 13.  The City, the NLVPD, and Chronister filed the motion to dismiss, and the remaining defendants joined in that motion.  ECF Nos. 18, 31, 37.

[5] ECF No. 41.

[6] *Id.* at 4–6.

[7] ECF No. 48 at ¶ 25.

[8] *Id.* at ¶ 20.

[9] *Id.* at ¶ 26.

[10] *Id.* at ¶ 27.

In January 2012, Lewellyn allegedly agreed to plead guilty to medicaid fraud.[11]  Five months later, Lewellyn met with the Attorney General's Office to provide information about Hill's purportedly fraudulent medicaid practices.[12]  One week after that meeting, Lewellyn received a suspended sentence of 12–48 months imprisonment, two years' probation, and a $200,000 fine.[13]  A few weeks later, Lewellyn arranged a meeting with defendant Carrie Meads, an investigator with the Medicaid Fraud Control Unit of the Attorney General's Office, to provide more information about Hill.[14]

During the July 17, 2012, interview with Meads, Lewellyn alleged that he had sexual intercourse with Hill while he was a minor; Meads reported this information to the NLVPD.[15]  During a follow-up phone interview two days later, Lewellyn reported that he had also had sexual intercourse with Wormwood while Lewellyn was a minor.[16]  Meads then relayed this additional information to the NLVPD.[17]  On July 20, 2012, Meads accompanied Lewellyn and his attorney to the North Las Vegas Police Department, where Lewellyn reported to defendant Detective Molnar that Lewellyn and Wormwood had had sex many times when Lewellyn was a minor.[18]

Detective Molnar then contacted defendant Deputy District Attorney (D.A.) Sweeten and told him about Lewellyn's allegations.  D.A. Sweeten told Detective Molnar that he believed that there was probable cause to arrest Wormwood based on Lewellyn's allegations.[19]  Detective Molnar and

---

[11] *Id.* at ¶ 32.

[12] *Id.* at ¶¶ 32–33.

[13] *Id.* at ¶¶ 45, 57.

[14] *Id.* at ¶¶ 46–48.

[15] *Id.* at ¶ 52.

[16] *Id.* at ¶ 53.

[17] *Id.* at ¶ 56.

[18] *Id.* at ¶¶ 59, 66.

[19] *Id.* at ¶¶ 67–71.

DOE officers then went to Wormwood's house and arrested him.[20]  Two days later, on the Monday after Wormwood's arrest, then-state court Justice of the Peace Stephen Dahl purportedly found that there was not probable cause to detain Wormwood or Hill,[21] and he ordered their immediate release without a bail requirement.[22]

Three months later, allegedly at the behest of the NLVPD defendants, the Clark County District Attorney's Office filed criminal charges against Wormwood.[23]  According to Wormwood, the Clark County District Attorney defendants "fraudulently persuaded the district court judge to bind over" Wormwood by falsely representing that "additional information" and "multiple victims" had been discovered[24] and then dragged the case out by requesting continuances and refusing to produce requested discovery.[25]  The District Attorney dismissed the sexual-abuse charges against Wormwood in December 2014.[26]  Wormwood claims that he did not know that Lewellyn's interviews with the Attorney General's Office—in which Lewellyn first alleged that the sexual abuse had occurred—led to his prosecution until he received the files from the Attorney General's Office in August 2014.[27]

### 2. Legal theories and additional defendants

Wormwood's amended complaint adds additional named defendants Clark County, the Clark County District Attorney's Office, Clark County District Attorney Wolfson, Chief Deputy District

---

[20] *Id.* at ¶ 73.

[21] It is unclear whether Hill was arrested the same day as Wormwood and whether Hill was arrested for the sexual-abuse allegations or medicaid-fraud allegations.  It is also unclear whether Wormwood or Hill were ever charged as a result of the Attorney General's medicaid-fraud investigation.

[22] *Id.* at ¶ 120.

[23] *Id.* at ¶ 127.  It is unclear if Hill was also charged.

[24] ECF No. 48 at ¶ 125.

[25] *Id.* at ¶ 127.

[26] *Id.*

[27] *Id.* at ¶¶ 135–36.

Attorney Thunell, and Deputy District Attorney Fleck.  The bulk of the amended complaint is copied from the initial complaint.  The only significant additional factual allegations are that the Clark County defendants fraudulently caused the charges against Wormwood to be bound over for trial, intentionally delayed his case, and refused to provide requested discovery.  Wormwood asserts four claims: (1) malicious prosecution under § 1983 and Nevada state law, (2) intentional infliction of emotional distress, (3) abuse of process, and (4) conspiracy.  Though Wormwood has dropped his false-arrest claim, the amended complaint still includes false-arrest allegations.

The City, NLVPD, Chief Chronister, and Detective Molnar ("NLVPD defendants"); Clark County, the Clark County District Attorney's Office, Clark County D.A. Wolfson, and D.A.s Sweeten and Thurnell ("Clark County defendants"); and Nevada Attorney General's Office investigator Meads separately move to dismiss Wormwood's amended complaint.[28]  Defendants argue that Wormwood's claims are time-barred and duplicative against certain defendants, that he failed to file the required notice for his state-law claims, that defendants are shielded from liability by qualified, discretionary-function, or prosecutorial immunity, and that his claims fail as pled.

### Discussion

**A.       Motion to dismiss standards**

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[29]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[30]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

---

[28] ECF Nos. 50, 51, 52, 60.  It appears that D.A. Fleck has not been served, and she has thus not appeared in this case.

[29] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[30] *Twombly*, 550 U.S. at 570.

1   speculative level."[31]  In other words, a complaint must make direct or inferential allegations about

2   "all the material elements necessary to sustain recovery under *some* viable legal theory."[32]

3         District courts employ a two-step approach when evaluating a complaint's sufficiency on a

4   Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual allegations

5   in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[33]

6   Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[34]

7   Second, the court must consider whether the well-pled factual allegations state a plausible claim for

8   relief.[35]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a

9   reasonable inference that the defendant is liable for the alleged misconduct.[36]  A complaint that does

10  not permit the court to infer more than the mere possibility of misconduct has "alleged—but not

11  shown—that the pleader is entitled to relief," and it must be dismissed.[37]

12

13  **B.**      **All claims against the NLVPD, the Clark County District Attorney's Office, and all official-capacity claims against Chronister, Molnar, Wolfsen, Sweeten and Thurnell are dismissed as duplicative; all individual-capacity claims against the Clark County district attorneys are dismissed based on absolute immunity.**

14

15        At the outset, I dismiss claims one and two against the NLVPD and all official-capacity

16  claims against Chief Chronister and Detective Molnar because they are redundant of Wormwood's

17  claims against the City of North Las Vegas.[38]  I also dismiss all claims against the Clark County

18  _____

19  [31] *Iqbal*, 556 U.S. at 678.

20  [32] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106
21  (7th Cir. 1989)) (emphasis in original).

22  [33] *Iqbal*, 556 U.S. at 678–79.

23  [34] *Id*.

24  [35] *Id.* at 679.

25  [36] *Id.*

26  [37] *Twombly*, 550 U.S. at 570.

27

28  [38] *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty Sheriff  Dept.*, 533 F.3d 780, 799 (9th Cir.
    2008) (explaining that "[a]n official capacity suit against a municipal officer is equivalent to a suit

District Attorney's Office, and all official-capacity claims against District Attorney Wolfsen and Deputy D.A.s Sweeten and Thurnell because these claims are redundant to the claims against Clark County.[39]

I dismiss all individual-capacity claims against District Attorney Wolfsen and Deputy D.A.s Sweeten and Thurnell because all of the claims against these defendants stem from actions these defendants took in the criminal judicial proceedings against Wormwood in state court.  Prosecutors are "absolutely immune [from liability] for initiating a prosecution and for presenting the [S]tate's case."[40]  Thus, these defendants cannot be liable for whatever testimony they allegedly falsified or presented in Wormwood's criminal case.  Wormwood does not allege any facts to show that these defendants took any acts outside of the judicial proceedings against him.  Nor does he explain in his opposition why prosecutorial immunity does not apply here; he simply argues that these defendants are not entitled to qualified immunity because they acted "maliciously and outside the purview of their job descriptions."[41]  In fact, Wormwood does not even discuss absolute prosecutorial immunity in his opposition.  He addresses only why these defendants are not entitled to qualified immunity—a completely different concept, and one not in play for these prosecutorial defendants.

D.A. Sweeten is not entitled to absolute immunity in connection with advising Detective Molnar that there was probable cause for Wormwood's arrest because this is not a prosecutorial function.[42]  But, as discussed more fully below, I find that all of Wormwood's claims stemming from

---

against the entity") (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).  The City is not named as a defendant in Wormwood's third and fourth claims for relief, so these defendants are not redundant as to those claims.

[39] Clark County is a named defendant in all claims.

[40] *Burns v. Reed*, 500 U.S. 478, 490–91 (1991); *County of Washoe v. Second Judicial District Court*, 652 P.2d 1175, 1176 (Nev. 1982) ("Under the doctrine of common law immunity, it is well settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his criminal prosecutorial function").

[41] ECF No. 61 at 7.

[42] *Lacey v. Maricopa Cty*, 693 F.3d 896, 914 (9th Cir. 2012).  D.A. Sweeten could still invoke qualified immunity for this claim.

his unlawful arrest are time-barred and barred by the notice requirements of NRS    § 41.036

**C.      Wormwood's claims relating to his allegedly unlawful arrest are time-barred.**

"Section 1983 does not contain its own statute of limitations."[43]  Federal courts therefore "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'"[44]  The statute of limitations for filing a personal-injury action in Nevada is two years.[45]  Under Nevada and federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[46]  Nevada law also requires that a person "who has a tort claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision."[47]

Wormwood alleges that he was released from his unlawful arrest on July 21, 2012, after the magistrate judge determined that there was no probable cause[48]—more than three years before he filed this action.[49]  In ruling on defendants' first dismissal motion, Chief Judge Navarro found that all of Wormwood's claims relating to his July 2012 arrest were time-barred and that Wormwood was not entitled to equitable tolling.  She also noted that Wormwood's state-law claims relating to his false arrest against the City are barred by NRS § 41.0369(2) because he failed to provide the appropriate notice to the City (and Clark County).

---

[43] *Butler v. Nat. Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[44] *Id.* (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotations and quoted reference omitted)).

[45] NEV. REV. STAT. § 11.190(4)(e).

[46] *TwoRivers v. Lewis*, 14 F.3d 987, 991 (9th Cir. 1999) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)); *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990).

[47] NEV. REV. STAT. § 41.0369(2).

[48] ECF No. 48 at 11.

[49] ECF No. 3.

I agree with Judge Navarro's analysis and conclusions on Wormwood's tolling argument,[50] and the additional facts that Wormwood alleges in his amended complaint do not require a different result. The only new fact that Wormwood offers to support his tolling argument is that he did not know that Lewellyn first reported the alleged sexual abuse to defendant investigator Meads, who relayed them to the NLVPD before Lewellyn himself did. He argues that, because he did not know about the Attorney General's Office's involvement in the arrest, he could not have known the extent of the defendants' conspiracy.

But Wormwood has always been aware that he was arrested in July 2012 because Lewellyn accused Wormwood of sexually abusing him as a minor immediately after Lewellyn pleaded guilty to—and was sentenced for—medicaid fraud. I may also take judicial notice of the transcript of Lewellyn's testimony from Wormwood's October 2012 preliminary hearing, which Meads attaches to her opposition, without converting her motion into one for summary judgment.[51] These transcripts show that Lewellyn testified that he went to the Attorney General's Office with the sexual-abuse allegations *before* he reported them to the NLVPD.[52] Thus, Wormwood knew or should have known about the Attorney General's Office's (and, by extension, defendant investigator Mead's) involvement in his criminal case by October 22, 2012—almost three years before he filed this case.

Wormwood also argues that the statute of limitations should be tolled because the Clark County defendants prolonged his prosecution to prevent him from bringing his claims. This is unavailing because the prosecution did not need to terminate in Wormwood's favor for him to be able to bring claims relating to the unlawful arrest. And even if Wormwood were entitled to tolling of the statute-of-limitations period, he offers no controlling authority to support his argument that the notice requirements of NRS § 41.036(2) are subject to tolling. I therefore dismiss with prejudice Wormwood's second, third, and fourth claims for relief to the extent they are based on Wormwood's July 2012 arrest.

---

[50] ECF No. 41 at 4–7.

[51] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[52] ECF No. 52-1 at 14.

**D.      Wormwood still fails to state a plausible malicious-prosecution claim.**

To prevail on a claim for malicious prosecution under Nevada law, a plaintiff must show (1) that the defendants lacked probable cause to initiate the prosecution, (2) malice, (3) the prior criminal proceedings were terminated in his favor, and (4) he suffered damages.[53]  A § 1983 malicious-prosecution claim requires proof of a state-law malicious-prosecution claim plus the additional element that the defendants prosecuted the plaintiff with the intent to deprive him of a constitutional right.[54]

A plaintiff may bring a malicious-prosecution claim not only against the prosecutor but also against police officers and investigators who were instrumental in initiating the prosecution.[55] Generally, police officers "are not liable for damages suffered by the arrested person after a district attorney files charges unless the presumption of independent judgment by the district attorney is rebutted."[56]  "This presumption may be rebutted by showing, for example, that the prosecutor was pressured or caused by the investigating officer[] to act contrary to his independent judgment or that the investigating officer[] presented the prosecution with information known by [him] to be false."[57]

Wormwood alleges that Meads used "her political influence to intimidate and persuade NLVPD, Chronister, Molnar, and the District Attorney Defendants" to procure Wormwood's unlawful prosecution by "conspiring with the other Defendants to concoct a plan to lie to the district court and state that the District Attorney Defendants had additional information against [Wormwood] so that the criminal proceeding against [him] would proceed."[58]  He further alleges that the District Attorney defendants "knowingly and intentionally fabricated their testimony before the

---

[53] *LaMantia v. Redisi*, 38 P.3d 877, 888 (Nev. 2002) (internal citation omitted).

[54] *Freeman v.City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal citations omitted).

[55] *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011); *LaMantia*, 38 P.3d at 879–80.

[56] *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) (internal quotation marks omitted).

[57] *Id.* (internal quotation marks omitted).

[58] ECF No. 48 at ¶¶ 163–64.

1   district court to distort facts."[59]  The NLVPD defendants "conspired with the District Attorney

2   defendants to bring formal charges against" Wormwood.[60]  All of the defendants acted with malice

3   and to deprive Wormwood "of his constitutional rights."[61]

4          I find that Wormwood's malicious-prosecution claims are still too vague to survive a

5   dismissal challenge.  A police department's involvement in investigating and assisting with a

6   prosecution does not plausibly show that there was a conspiracy between the NLVPD defendants and

7   the Clark County defendants to deprive Wormwood of unnamed constitutional rights.[62]  Outside of

8   his July 2012 arrest, Wormwood does not allege any facts to show that the NLVPD defendants took

9   any steps to procure his prosecution or otherwise influence the independent judgment of the district

10  attorneys.  The only specific post-arrest factual allegation involving the NLVPD is former NLVPD

11  Chief Chronister's alleged statement to the press that "'the flood gates had opened' and that NLVPD

12  had received numerous calls with more victims coming forward,"[63] which is wholly insufficient to

13  state a malicious-prosecution claim.

14         Wormwood alleges no facts to show that Attorney General investigator Meads had any

15  involvement with his prosecution besides relaying Lewleynn's report of sexual abuse to the NLVPD

16  and accompanying Lewelynn to the police department to make his report in July 2012.  There are

17  also no facts to suggest that Meads or NLVPD reported abuse allegations they believed to be false.

18  Though Wormwood conclusorily alleges that Meads used "coercive" interrogation techniques, he

---

20  [59] *Id.* at ¶ 165.

21  [60] *Id.* at ¶ 171.

22  [61] *Id.* at ¶ 166.  Wormwood also alleges that the statute of limitations on his malicious-prosecution
23  claims should be equitably tolled.  This is unnecessary.  Wormwood's malicious-prosecution claims
    did not arise until the criminal proceedings against him terminated in his favor when the charges
24  against him were dropped in December 2014.

25  [62] In his opposition, Wormwood clarifies that he is alleging that defendants conspired to deprive him
26  of his liberty.  ECF No. 54.  Wormwood also alleges that defendants' ultimate goal was putting him
    and his business partner out of business and causing them to lose their medicaid contracts.  ECF No.
27  48 at ¶195.

28  [63] *Id.* at ¶ 132.

1   also alleges that it was Lewelynn and his attorney (a non-party) who "conspired to perpetuate a

2   malicious lie against [Wormwood]" to get a better plea deal and to shut down Wormwood's health

3   business and to steal his clients.[64]  In sum, the bulk of Wormwood's allegations against the NLVPD

4   defendants and investigator Meads relate to Wormwood's allegedly unlawful arrest.  But the fact that

5   defendants caused Wormwood's arrest does not, by itself, subject them to liability for his allegedly

6   unlawful prosecution three months later, apparently after the original charges against him had been

7   dismissed.  And the fact that the NLVPD defendants may have worked with the Clark County

8   defendants to investigate Wormwood and bring and maintain the charges against him does not

9   permit me to infer more than the mere possibility of misconduct.  Wormwood has thus "alleged—but

10  not shown—that [he] is entitled to relief."[65]

11      Because Wormwood has already been given the opportunity to flesh out his malicious-

12  prosecution claims and he still cannot muster enough facts to plausibly state them, I dismiss them

13  with prejudice and without leave to amend.[66]

14  **E.   Wormwood's intentional-infliction-of-emotional-distress, abuse-of-process, and**
        **conspiracy claims fail.**
15

16      "The elements of a cause of action for intentional infliction of emotional distress are (1)

17  extreme and outrageous conduct with either the intention of, or reckless disregard for, causing

18  emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3)

19  actual or proximate causation."[67]  The elements of abuse of process in Nevada are: "(1) an ulterior

20  purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the

21

22

23  [64] ECF No. 48 at ¶ 97.

24  [65] *Twombly*, 550 U.S. at 570.

25  [66] Wormwood's federal malicious-prosecution claim against the NLVPD, Chief Chronister, and
26  Clark County fails for the additional reason that there is no *respondeat superior* liability in §1983
    actions (Chronister) and he fails to plausibly allege that a municipal policy or custom was the driving
27  force behind the alleged unlawful prosecution (NLVPD).

28  [67] *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 378 (Nev. 1999).

1   legal process not proper in the regular conduct of the proceeding."[68]

2        Wormwood alleges that his IIED claim "arises out of his malicious prosecution,"[69] which

3   caused him to suffer "severe emotional upset, embarrassment, humiliation, public shaming, and

4   anguish."[70]   As for his abuse-of-process claim, he alleges that defendants "caused the arrest and

5   subsequent malicious prosecution of [Wormwood] with the ulterior motive to terminate . . . his

6   business operations."[71]   For the same reasons that Wormwood's allegations are too vague to state a

7   plausible malicious-prosecution claim, these claims also fail.   There are no facts to show that

8   investigator Meads or any of the NLVPD defendants procured the prosecution on which these claims

9   are based, and the Clark County defendants are entitled to absolute prosecutorial immunity from

10  claims relating to filing the charges against Wormwood and all representations they made to the

11  court in the course of that case.   And, as I have already explained, Wormwood's allegations relating

12  to his false arrest—which continue to make up the bulk of his amended complaint—are time-barred.

13       As to Wormwood's final claim, an actionable civil conspiracy in Nevada "consists of a

14  combination of two or more persons who, by some concerted action, intend to accomplish an

15  unlawful objective for the purpose of harming another, and damage results from the act or acts."[72]

16  Wormwood alleges that defendants conspired to "willfully engage in unlawful acts" and to violate

17  Wormwood's "constitutional rights, to falsely arrest and imprison [him] and further injure [him]

18  causing severe emotional distress."[73]   Wormwood alleges that his arrest and prosecution were all acts

19

20

21  [68] *Posadas v. City of Reno*, 851 P.2d 438 (Nev. 1993) (internal citation and quotation marks
22  omitted).

23  [69] ECF No. 48 at ¶ 191.

24  [70] *Id.* at ¶ 188.

25  [71] ECF No. 48 at 194.

26  [72] *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 862 P.2d 1207, 1210 (Nev. 1993) (internal
27  citation and quotation marks omitted).

28  [73] ECF No. 48 ¶¶ at 200–01.

in furtherance of that conspiracy and taken with the intent to put Wormwood out of business.[74]  This claim also fails.  The allegations relating to the NLVPD defendants and investigator to Meads are, again, all tied to Wormwood's alleged unlawful arrest and are therefore time-barred, and the Clark County defendants are immune from a claim for civil conspiracy based on Wormwood's prosecution.  Because most of Wormwood's allegations to support his IIED, abuse-of-process, and civil-conspiracy claims are time-barred or involve actions for which the Clark County defendants are absolutely immune from suit and these defects cannot be cured by amendment and Wormwood has previously been granted leave to amend, I dismiss these claims with prejudice and without leave to amend.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions to dismiss **[ECF Nos. 50, 51, 52, 60] are GRANTED.  This case is DISMISSED with prejudice.**  The Clerk of Court is instructed to enter judgment for defendants and against Wormwood and CLOSE THIS CASE.

Dated this 22nd day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[74] *Id.* ¶ 203.